# UNITED STATES DISTRICT COURT
# DISTRICT OF WESTERN MISSOURI

| | |
|---|---|
| Hoppock Law Firm, LLC and Kelly Hewitt, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) Case No.: |
| Cynthia Munita, Director of FOIA Operations with U.S. Citizenship and Immigration Services, | )<br>)<br>)<br>) |
| Ur Jaddou, Director,<br>United States Citizenship and Immigration Services, | )<br>)<br>)<br>) |
| AND | )<br>) |
| United States Citizenship and Immigration Services, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY RELIEF AND
## RELIEF UNDER THE FREEDOM OF INFORMATION ACT

Plaintiffs, Hoppock Law Firm LLC and Kelly Hewitt, sue for declaratory judgment in response to a threatening letter ("the Demand Letter") received from the defendants, demanding the return of certain unidentified records the defendants released under the Freedom of Information Act ("FOIA"). The Demand Letter requests that the Plaintiff violate certain obligations owed to legal clients by disclosing information barred from disclosure as a remedy for Defendant's purported and admitted violation of the FOIA statute. Because the FOIA contains no claw back provision, the requested action would violate the law and Plaintiffs' duties to their clients, and the Demand Letter hints at possible obstruction of justice upon failure to comply, Plaintiffs bring this action to determine the parties' rights and obligations.

1

## PARTIES

1. Hoppock Law Firm, LLC is a Kansas corporation with its office in Shawnee, Kansas.

2. Kelly Hewitt is an attorney licensed by the States of Missouri and Kansas and is an employee of Hoppock Law Firm.

3. Defendant Cynthia Munita ("Munita") is, upon information and belief, the current Director of FOIA Operations at the United States Citizenship and Immigration Services ("USCIS") National Records Center in Lee's Summit, Missouri. Munita is also, upon information and belief, an attorney licensed by the State of Missouri and is currently on "inactive" status. Munita is sued in her official capacity.

4. Defendant Ur Jaddou ("Jaddou") is the Director of USCIS and is generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant here. 8 CFR § 103.1(g)(2)(ii)(B). Jaddou is sued here in her official capacity.

5. Defendant USCIS is a federal agency within the Department of Homeland Security.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 (Federal question), 28 U.S.C. § 2201 (declaratory relief statute), 5 U.S.C. § 552 (the FOIA statute), and 5 U.S.C. § 701 *et seq.* (the Administrative Procedure Act). Relief is requested under said statutes.

7. Under 28 U.S.C. § 2201(a) the Court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." An order under this section "shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a).

8. Under 5 U.S.C. 552(a)(4)(B), the Court may "enjoin the agency from withholding agency records" and order the production of records improperly withheld.

9. The APA permits the Court to review agency action where the agency "failed to act … under color of legal authority," 5 U.S.C. § 702, when no other statute precludes review. 5 U.S.C. § 701(a)(1). To that end, the Court may, among other things, "hold unlawful and set aside" any "agency action, findings, and conclusions" which are "not in accordance with the law," in "excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or without "observance of procedure required by law." 5 U.S.C. § 706. In the interim, the Court may enjoin agency action or "postpone the effective date of action taken by it" pending review. 5 U.S.C. § 705.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(e)(1)(B), in that this is an action against officers and agencies of the United States in their official capacities, and is brought in the District in which "a substantial part of the events or omissions giving rise to the claim occurred."

11. Venue is further proper under the FOIA statute, 5 U.S.C. 552(a)(4)(B), as it is filed in the district "in which the agency records are situated." Here the records are in, and the Demand Letter was issued from, Lee's Summit, Missouri.

## FACTS COMMON TO ALL COUNTS

12. Plaintiffs are a law firm and an attorney employed by the law firm who normally represent clients in immigration matters, including assisting them with requesting their own records from immigration agencies through the FOIA.

13. In May 2021, the plaintiffs filed a FOIA request on behalf of a legal client, asking for a copy of the client's "alien file," which was then being held by Defendant USCIS.

14. A person's "alien file," commonly known as an "A-file" contains "all records of any active case" of an immigrant who has "not yet naturalized as they passed through the United

States immigration and inspection process." *See* "Alien Files," National Archive, https://www.archives.gov/research/immigration/aliens.

15. In June 2021 defendant USCIS acknowledged the request and assigned it tracking number NRC2021092780.

16. Later in June, defendant USCIS issued a determination letter ("the Determination Letter"), reflecting that it had located the requested alien file and that it was releasing 221 pages, with 168 pages released in full and 46 pages released with redactions. It said the defendants were withholding 7 pages from the file.

17. In the Determination Letter, defendant USCIS wrote that it was intentionally releasing portions of the records that would otherwise be considered "exempt" under the FOIA statute after discussion between agency personnel and a member of its staff. It purported to release this exempt material "as a matter of administrative discretion." And it said that the released records may also include other "discretionary releases of exempt information."

18. These statements confirmed that even if portions of the records released were subject to any exemption under the FOIA, such release was intentional, not inadvertent.

19. Plaintiffs did not file an administrative appeal of the FOIA determination letter, because the bulk of what they had requested was released.

20. With the determination letter, the plaintiffs included a 221-page .pdf file containing the released records. Both the determination letter and the records were contained on a compact disc.

21. For the next seven months the plaintiffs heard nothing more from the defendants.

22. On January 18, 2022, the plaintiffs received a letter by First Class Mail, signed by Defendant Cynthia Munita, identifying her as the new Director of FOIA Operations at the

4

National Records Center in Lee's Summit, Missouri. **Demand Letter**, attached and incorporated as Exhibit A.

23. The Demand Letter stated that, as for request number NRC2021092780, the USCIS had now decided that it had "inadvertently released personally identifiable information of third parties and/or law enforcement sensitive information." Exh. B p. 1. It did not identify what pages or portions of the release the defendants were now claiming to be exempt or address its previous statements that it was releasing exempt information on purpose, as a matter of administrative discretion. *Id.*

24. The Demand Letter did not identify any specific statutory exemption under the FOIA statute that the Defendants believed should apply to these records. *Id.*

25. Although the request was for Plaintiffs' client's own A-file and the records released included only those found in the client's A-file, the Demand Letter said that "improper use" of the records Plaintiffs received could "harm" the individuals "whose information was mistakenly sent." *Id.*

26. The Demand Letter demanded that the plaintiffs "return, sequester, or destroy these records, and refrain from using or disclosing the contents of the records." *Id.*

27. Then the Demand Letter offered a veiled threat that the "use or disclosure" of the records could "impede or interfere with law enforcement activities" and that if Plaintiffs "perpetuate the use or disclosure of any of this information," they may "endanger the persons to whom the information pertains or interfere with ongoing criminal investigations." *Id.*

28. The Demand Letter ordered the plaintiffs to tell the defendants "immediately" if "any sharing or publication of the above documents may have already occurred." *Id.*

29. Finally, the Demand Letter ordered the plaintiffs to comply by January 18, 2022, the same day the Demand Letter was received, to confirm that they had "returned, destroyed, or sequestered all copies of the record." *Id.* And it demanded that the plaintiffs send the defendants "a list of any disclosures" already made. *Id.*

30. Upon receiving the Demand Letter, the plaintiffs at first did not know which FOIA request the Demand Letter was referencing, because it only provided the agency's own tracking number and none of the other identifying information that would have made finding the request among the law firm's files possible.

31. Plaintiff Hewitt, who was out of the office after a COVID-19 infection, responded to the Demand Letter by email on January 19, 2022, asking Defendants to identify which FOIA request they were talking about and said that without further information, Plaintiffs would be unable to respond to the request.

32. Although the defendants asked for an immediate response and described the situation as an emergency which the Defendants themselves purportedly created, they still have never responded to Hewitt's email message in the nine days since.

33. Plaintiffs have since undertaken an extensive manual search of both open and closed client files and have located the FOIA request and the subject records based on the tracking number provided.

34. Plaintiffs cannot comply with the demand without violating certain rules related to attorney-client privilege and confidentiality of client information, as well as the requirement to retain, rather than "destroy," client records.

35. All the same, Plaintiffs understood the references in the Demand Letter to "interfe[rence]" with law enforcement activities in failing to comply as suggesting potential

6

criminal exposure should Plaintiffs not return the released records and the list of individuals they were shared with.

36. In the exercise of caution, given the gravity of the issues raised, and with no response from the defendants, the plaintiffs file this suit.

## CAUSES OF ACTION

### Count I – Declaratory Judgment

37. Plaintiffs incorporate factual statements numbered 1 through 36.

38. Plaintiffs seek an order declaring the rights and responsibilities of the parties following receipt of the Demand Letter, which loosely referenced obstruction of justice if the plaintiffs fail to comply, and demanded action by Plaintiffs that would be both unlawful and unwarranted.

39. The FOIA statute requires federal agencies to promptly release all non-exempt records upon request. 5 U.S.C. § 552(a)(3)(A).

40. There is a "strong presumption in favor of disclosure." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173, 112 S.Ct. 541, 116 L.Ed.2d 526 (1991).

41. The FOIA statute includes no authority for the responding agency to demand that a requester return records it has disclosed under the FOIA or to furnish information to the agency about who has been provided access to those records.

42. Even if there were some implied claw-back power in the FOIA statute, it would not apply to records the agency has intentionally disclosed, as it said explicitly here in the June 2021 disposition letter.

43. Although the statute also lists nine exemptions for specific categories of material, 5 U.S.C. § 552(b), these exemptions are "explicitly made exclusive and must be narrowly

7

construed." *Milner v. Dep't of the Navy*, 562 U.S. 562, 565, 131 S.Ct. 1259, 179 L.Ed.2d 268 (2011).

44. "[E]ven if information falls within the scope of a discretionary exemption, it cannot be withheld from the public unless the agency also shows that disclosure will harm the interest protected by that exemption." *Ctr. for Investigative Reporting v. U.S. Dep't of Lab.*, 424 F. Supp. 3d 771, 780 (N.D. Cal. 2019) (citing 5 U.S.C. § 552(a)(8)(A)(i)).

45. Agencies are only allowed to withhold information if the disclosure "would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8(A)(i)(I).

46. Meanwhile, with limited exceptions an attorney licensed by the State of Missouri may not reveal any information relating to the representation of a client. Mo. S.Ct. R. 4–1.6(a).

47. An attorney licensed by the State of Missouri must "make reasonable efforts to prevent the inadvertent or unauthorized disclosure of, or unauthorized access to, information relating to the representation of the client. Mo. S.Ct. R. 4–1.6(c).

48. An attorney licensed by the State of Missouri "shall securely store" and "shall not destroy" the records in a client's file for six years after completion of the representation absent an agreement between the lawyer and client. Mo. S.Ct. R. 4–1.22.

49. The Defendants lack legal authority under the FOIA or any other law to demand, as outlined in the Demand Letter, that the plaintiffs sequester, destroy, or return the released records, especially without asserting any exemption under the FOIA or specifying which portions of the 221 released pages the agency claims to be exempt.

50. Even if there were any statutory authority to invoke a post-hoc exemption for certain pages or portions of the released records, the defendants lack legal authority to demand that the entire 221-page release of records be destroyed or returned to the defendants.

51. The Defendants lack legal authority under the FOIA or any other law to demand, as outlined in the Demand Letter, that the Plaintiffs "refrain from using or disclosing" the released records.

52. If any FOIA exemption or exemptions applied to the released records, which the defendants have not identified in the Demand Letter, the defendants waived them when they intentionally released the purportedly exempt records as an exercise of "administrative discretion."

53. Further, if any FOIA exemption or exemptions applied to the released records, the defendants waived them when they waited seven months before sending the Demand Letter, demanding their destruction or return.

54. Plaintiffs cannot comply with the defendants' demands without revealing privileged and confidential client information in violation of Mo. S.Ct. R. 4–1.6(a), including providing the requested "list of any disclosures."

55. Plaintiffs cannot comply with the defendants' demands without violating the rule on file retention, Mo. S.Ct. R. 4–1.22, including destroying, returning, or sequestering the client's file.

56. Plaintiffs seek a declaratory judgment, an order or injunction under the Freedom of Information Act, and APA review of the defendant's actions, concluding as follows:

    a. That the Demand Letter violates the FOIA statute;

    b. That the FOIA statute does not authorize the demands in the Demand Letter or mandate that the plaintiffs comply with them;

    c. That the records are not exempt from release under the FOIA;

d.  That the defendants have not perfected their attempt to invoke any exemptions under the FOIA statute, because they have identified no exemptions in the Demand Letter;

   e.  That, if any portion of the records are exempt, the defendants waived any such exemptions by intentionally releasing them, citing their "administrative discretion";

   f.  Further, that the defendants have waived any such exemptions by delaying the Demand Letter for roughly seven months;

   g.  That the plaintiffs are not required by law to send the defendants a list of any individuals the records have been shared with in the seven month since receiving them;

   h.  That the plaintiffs need not disclose to the defendants any confidential client information or information subject to the attorney-client privilege, including information on whether, when, and how certain records have been shared with law firm clients;

   i.  That the plaintiffs need not destroy or dispose of any portion of their clients' files for at least six years following the closing of the files, consistent with Mo. S.Ct. R. 4–1.22, and

   j.  Awarding the plaintiffs their reasonable attorneys' fees and costs.

57. Plaintiffs seek an order and injunction under the FOIA statute, directing the agency to withdraw the Demand Letter and to comply with the FOIA statute.

58. Plaintiffs seek an award of attorneys' fees and costs under the FOIA statute and the Equal Access to Justice Act.

59.  The Court should grant any other relief at law and in equity as justice may require.

## DESIGNATION OF TRIAL

Plaintiffs' designated place of trial is Kansas City, Missouri.

        Respectfully submitted,
        Hoppock Law Firm LLC

        By: /s/ Matthew L. Hoppock
        Matthew L. Hoppock, KS #23854;
        W.D.Mo. #23854
        5949 Nieman Road
        Shawnee, KS 66203
        Tel: 913-267-5511  Fax: 913-562-9555
        E-mail: matthew@hoppocklawfirm.com
        Attorney for Plaintiffs