UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HOPPOCK LAW FIRM, LLC <br><br> and <br><br> KELLY HEWITT, <br><br> Plaintiffs, <br><br> v. <br><br> ALEJANDRO MAYORKAS <br> U.S. Secretary of Homeland Security, <br><br> and <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendants. | Civil Action No. 4:22-cv-00062 (GAF) |

## FIRST AMENDED COMPLAINT

Plaintiffs Hoppock Law Firm, LLC, and Kelly Hewitt bring this action for a declaratory judgment against Defendants Department of Homeland Security and its Secretary, Alejandro Mayorkas, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B), 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Hoppock Law Firm, LLC is a law firm located in the State of Kansas.

4. Plaintiff Kelly Hewitt is a U.S. citizen and a resident of the State of Kansas.

5. Defendant Department of Homeland Security is an agency within the meaning of 5 U.S.C. § 701 and subject to the jurisdiction of this Court.

6. United States Citizenship and Immigration Services ("USCIS") is a DHS component.

7. Defendant Alejandro Mayorkas is the Secretary of DHS. Mayorkas is sued in his official capacity.

## BACKGROUND

8. Plaintiffs Hoppock Law Firm, LLC, and Kelly Hewitt (collectively "Hoppock") are a law firm and an attorney employed by the law firm who regularly represent clients in immigration matters, including assisting them with requesting records.

9. In May 2021, Hoppock filed a FOIA request with USCIS for records—specifically "the entire alien file"—about a client. The request was filed using the standardized USCIS Freedom of Information/Privacy Act Request Form G-639 and listing Ms. Hewitt as the requester and not the client. A copy of the request is attached as Ex. A, with the personally identifiable information of the non-party client redacted.

10. Having assigned this request Req. No. NRC2021092780, USCIS released 168 pages in full and 46 pages in part to Hoppock on 28 June 2021. A copy of the release letter is attached as Ex. B, with the personally identifiable information of the non-party client redacted.

11. Hoppock did not file an administrative appeal of this release because it had received all of the information it had sought.

12. On 12 January 2022, USCIS sent a letter to Hoppock claiming, "[USCIS] inadvertently released personally identifiable information of third parties and/or law enforcement sensitive information to in response to your request for records through the [FOIA] and/or the Privacy Act. This information is subject to protections afforded by the FOIA and/or the Privacy Act. Inadvertent or improper disclosure of such information by an agency does not waive the protection of those interests. Improper use of this information could result in harm to the individuals whose information was mistakenly sent to you." A copy of the letter has been attached as Ex. C.

13. USCIS added, "We request that you return, sequester, or destroy these records, and refrain from using or disclosing the contents of the records. Please note that any further use or disclosure of the information contained in these records could impede or interfere with law enforcement activities and violate the privacy rights and interests of the people whose information is contained in the records. Further, should you perpetuate the use or disclosure of any of this information, you may endanger the persons to whom the information pertains or interfere with ongoing criminal investigations. We request that you refrain from sharing or publishing the documents you received and inform us immediately if any sharing or publication of the above documents may have already occurred. Please confirm that you have returned, destroyed, or sequestered all copies of the record and provide us with a list of any disclosures that you have made."

14. USCIS's letter did not identify the pages or portions of the release alleged to have been "inadvertently released."

15. USCIS's letter did not identify the exemptions that it claimed applied to these allegedly inadvertent releases.

16. Hoppock has not returned, sequestered, or destroyed the records which were officially released to it on 28 June 2021.

17. Hoppock has voluntarily refrained from publicly disclosing the contents of the records pending the outcome of this litigation.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION (FOIA)

18. Hoppock repeats and realleges the allegations contained in all paragraphs set forth above.

19. Hoppock filed a legally proper FOIA request, and USCIS issued a legally proper FOIA response.

20. USCIS's 28 June 2021 initial release was an official and documented disclosure made by the USCIS Acting Director of FOIA Operations, who was a person authorized to make disclosures on behalf of USCIS.

21. An agency may not withhold information from a FOIA request which has been released through an official and documented disclosure made by a person authorized to make disclosures on behalf of the agency.

22. There is no provision in FOIA which would authorize an agency to demand that previously officially released information must be returned, sequestered, or destroyed.

23. USCIS's 12 January 2022 demand letter accordingly constituted outrageous conduct for purposes of the unlimited equitable powers provided by FOIA to the Court.

24. Hoppock would be harmed if it were required to comply with USCIS's demand letter.

4

25. Compliance would deprive Hoppock of information that it had legally obtained through an official government disclosure.

26. Compliance would require Hoppock to violate its responsibility to "securely store" and "not destroy" all records in a client's file for no fewer than five years after completion of the representation absent an agreement between the lawyer and client. Mo. S. Ct. R. 4-1.22; Kan. R. Rel. Disc. Att. 1.15(a).

27. Compliance with the requirement that Hoppock identify to USCIS the recipients of any disclosures would require Hoppock to reveal privileged and confidential client information in violation of Mo. S. Ct. R. 4-1.6(a) and Kan R. Rel. Disc. Att. 1.6(a).

28. Upon information and belief, USCIS's 12 January 2022 letter is indicative of a policy, pattern, practice, or standard operating procedure of issuing demands that requesters must return, sequester, or destroy officially disclosed records under threat of civil or criminal liability. USCIS sent at least one identical letter on the same date to another requester, Professor Holly Cooper of the University of California, Davis School of Law.

29. Hoppock is therefore entitled under FOIA to relief in the form of an injunction prohibiting DHS from making or enforcing any demand that it—or any requester—must return, sequester, or destroy records which had been released through an official and documented disclosure made by a person authorized to make disclosures on behalf of the agency.

## SECOND CAUSE OF ACTION (APA)

30. Hoppock repeats and realleges the allegations contained in all paragraphs set forth above.

31. USCIS's 12 January 2022 demand letter also constituted conduct which was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. This demand also constituted a final agency action.

32. If the Court finds that FOIA does not provides an alternative remedy, Hoppock is entitled under the APA to relief in the form of an injunction prohibiting DHS from further attempts to demand that it—or any requester—must destroy, sequester, or return records which had been released through an official and documented disclosure made by a person authorized to make disclosures on behalf of the agency.

## THIRD CAUSE OF ACTION (DJA)

33. Hoppock repeats and realleges the allegations contained in all paragraphs set forth above.

34. Hoppock also seeks a declaratory judgment declaring the rights and responsibilities of the parties following receipt of USCIS's 12 January 2022 letter, which implied that non-compliance could be considered obstruction of justice.

35. Hoppock is therefore entitled to relief in the form of a declaratory judgment which concludes as follows:

    a. USCIS's 28 June 2021 constituted an official government disclosure of all released information;

    b. FOIA does not authorize USCIS's demand that Hoppock return, sequester, or destroy the information released on 28 June 2021;

    c. USCIS's 12 January 2022 letter violated FOIA and/or the APA; and

    d. Hoppock is not required to comply with USCIS's 12 January 2022 letter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Hoppock Law Firm, LLC, and Kelly Hewitt pray that this Court:

(1)     Permanently enjoin the Department of Homeland Security from making or enforcing any demand that it—or any requester—must destroy, sequester, or return records which had been released through an official and documented disclosure made by a person authorized to make disclosures on behalf of the agency;

(2)     Issue the declaratory judgment requested above;

(3)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(4)     Award reasonable costs and attorneys' fees as provided in 28 U.S.C. § 2412(d) or any other applicable law;

(5)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(6)     Grant such other relief as the Court may deem just and proper.

Date: June 1, 2022

Respectfully submitted,

 /s/ Matthew Hoppock 
Matthew Hoppock, Esq.
MO Bar #23854
Hoppock Law Firm, LLC
5949 Nieman Road
Shawnee, KS 66203
913-267-5511
Matthew@HoppockLawFirm.com

 /s/ Kelly B. McClanahan 
Kelly B. McClanahan, Esq.
*Pro hac vice*
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*