IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HOPPOCK LAW FIRM LLC and KELLY HEWITT, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 22-00062-CV-W-GAF |
| vs. | ) ) |
| UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court are Plaintiffs Hoppock Law Firm LLC and Kelly Hewitt's (collectively "Plaintiffs") Proposed Bill of Costs (Doc. 24) and Petition for Attorneys' Fees (Doc. 25).[1] Defendants United States Citizenship and Immigration Services, Alejandro Mayorkas, and Department of Homeland Security (collectively "Defendants") oppose the petition for attorneys' fees and object to the proposed bill of costs. (Docs. 23, 26). Plaintiffs have also filed a reply brief. (Doc. 27). For the reasons set forth herein, Plaintiffs' requests are DENIED.

## DISCUSSION

I. PROCEDURAL BACKGROUND

Plaintiffs filed this suit on January 28, 2022, seeking declaratory relief. (Doc. 1). Plaintiffs sought a declaration on the legality of Defendants' request for return, sequester, or destruction of inadvertently disclosed personally identifiable information of third parties and/or law enforcement

---

[1] Plaintiffs also filed a Motion for Extension of Time to file their proposed bill of costs and petition for attorneys' fees. (Doc. 23). Because Defendants do not oppose said motion, the Court GRANTS it and consider the parties' arguments regarding the proposed bill of costs and attorneys' fees.

sensitive information. (*Id.*). On August 10, 2022, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 14). Plaintiffs failed to timely respond to the motion to dismiss, and consequently, the Court ordered Plaintiffs to show cause why Defendants' motion should not be granted. (Doc. 17). Rather than responding to the Order to Show Cause, Plaintiff voluntarily dismissed their claims. (Doc. 18).

**II.     ANALYSIS**

**A.     Bill of Costs Under Rule 54(d)**

"Unless . . . a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is a "party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001). The Court did not enter a judgment in Plaintiffs' favor after they voluntarily dismissed their claims. Under these circumstances, either Defendants are the prevailing party or there is no prevailing party. Either way, Plaintiffs are certainly not entitled to costs under Rule 54(d).

**B.     Attorneys' Fees & Costs Under FOIA**

Plaintiffs seek attorneys' fees solely under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E). (Doc. 25). Plaintiffs additionally request costs under FOIA. (*Id.*). To recover attorneys' fees and costs under FOIA, the complainant must "substantially prevail." § 552(a)(4)(E)(i). To "substantially prevail," the complainant must obtain relief through a judicial order, enforceable written agreement, consent decree, or voluntarily or unilateral change in position by the agency. § 552(a)(4)(E)(ii). To award attorneys' fees and costs under FOIA, courts first determine if the plaintiff is facially eligible for them and then determine whether the plaintiff is entitled to an award. *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985).

Plaintiffs are neither facially eligible for, nor entitled to, an award of attorneys' fees and costs. First, Plaintiffs did not state a cognizable claim and, to the extent they did, the Court had no jurisdiction over them for the reasons explained in Defendants' opposition brief. (Doc. 26, pp. 6-9). The Court adopts and incorporates by reference Defendants' analysis of applicable law as if fully set forth herein. As such, Plaintiffs cannot avail themselves of FOIA's attorneys' fees and costs provision.

Next, Plaintiffs did not substantially prevail on their claims. They did not obtain relief through a judicial order, enforceable written agreement, or consent decree. Instead, Plaintiffs *voluntarily* dismissed their claims without responding to the substance of Defendants' then-pending motion to dismiss. Plaintiffs argue they are eligible for an award because the filing of the lawsuit forced Defendants to change their position. (Doc. 25, pp. 2-3). Plaintiffs admit Defendants only requested the return, sequester, or destruction of the inadvertently disclosed material but argue the request warned of adverse legal action if Plaintiffs did not comply by including the following language in the request: "Please note that any further use of disclosure of the information contained in these records could impede or interfere with law enforcement activities and violate the privacy rights and interests of the people whose information is contained in the records." (*Id.*; *see also* Doc. 8-3). Plaintiffs claim the lawsuit resulted in Defendants' changing its position from threatening legal action to conceding it could not seek legal remedies if Plaintiffs did not return the requested documents. (*Id.*).

Contrary to Plaintiffs' interpretation, Defendants never changed their position. The quoted statement in no way suggests or threatens that Defendants would take legal action if Plaintiffs did not return or destroy the inadvertently disclosed records. The statement is merely an appeal to the reader, explaining why further disclosure of the records is not advisable by noting potential

consequences of such disclosure. And a review of the entirety of the letter reveals Defendants never (a) demanded or mandated compliance; (b) cited any statutory or regulatory provision requiring action; or (c) threaten or suggest the possibility of an enforcement action. (Doc. 8-3). That Defendants filed a motion to dismiss outlining various reasons why Plaintiffs' complaint should be dismissed—including its lack of merit—does not show a change in the agency's position. Thus, Plaintiffs did not "substantially prevail" and are not eligible for attorneys' fees and costs under FOIA.

## CONCLUSION

Plaintiffs are not eligible for or entitled to their costs and attorneys' fees after voluntarily dismissing their case. For this reason and the reasons stated above, Defendants' objections to the proposed bill of costs are SUSTAINED; Plaintiffs' Petition for Attorneys' Fees is DENIED; and Plaintiffs are not awarded any attorneys' fees or costs for the above-captioned case.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
GARY A. FENNER, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 27, 2023